IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLOTTE CARROLL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-2206-D-BN |
| | § | |
| TMX FINANCIAL OF TEXAS, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING REQUEST FOR
MARSHAL SERVICE AND NOTICING DEFICIENCIES
AS TO REQUEST FOR LEAVE TO PROCEED IFP**

Plaintiff Charlotte Carroll filed a *pro se* complaint (titled Complaint for Breach of Contract and Request for Injunctive Relief) against Defendant TMX Financial of Texas, Inc., alleging that there is subject-matter jurisdiction under 28 U.S.C. § 1331 "because this action arises under federal law, including the Federal Arbitration Act" (the "FAA"), and, so, the Court possesses supplemental jurisdiction over the state claims under 28 U.S.C. § 1367. Dkt. No. 3.

Senior United States District Judge Sidney A. Fitzwater referred Carroll's case to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

On August 22, 2025, the undersigned entered findings of fact and conclusions of law recommending that the Court, on its own motion, dismiss this lawsuit for lack of subject-matter jurisdiction (the "FCR") [Dkt. No. 5].

As the FCR explained,

in sum, the Court "may entertain [Carroll's] action brought under the

> FAA only if the action has an 'independent jurisdictional basis.'" *Badgerow v. Walters*, 596 U.S. 1, 8 (2022) (quoting *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)); *see also Am. Heritage Life Inc. Co. v. Lang*, 321 F.3d 533, 536-37 (5th Cir. 2003) ("To sue in federal court to enforce an arbitration claim, a petitioner must demonstrate the existence of federal subject matter jurisdiction on the *underlying* contract claim. As a result, suits to compel arbitration may only be brought in federal court if diversity of citizenship or a federal question exists." (quoting *Bank One, N.A. v. Shumake,* 281 F.3d 507, 513 (5th Cir. 2002); emphasis in *Shumake*)).
> 
> But, even under the "look through" approach, Carroll alleges no facts that could support subject-matter question based on a substantial, disputed question of federal law.

*Id.* at 4-5 (cleaned up).

Carroll filed objections to the FCR, arguing that the undersigned ignored that her "claims are anchored in the Americans with Disabilities Act." Dkt. No. 6.

While that allegation was missing in the original complaint, Carroll attached to her objections a proposed first amended complaint making the allegation. *See* Dkt. No. 6-1.

The undersigned therefore withdrew the FCR on September 8, 2025. *See* Dkt. No. 7.

And, on September 11, Carroll filed her one amended complaint as a matter of course, alleging that there is federal subject-matter jurisdiction under Section 1331 based on the underlying ADA claims. *See* Dkt. No. 8; FED. R. CIV. P. 15(a)(1).

So the Court turns to Carroll's motion for leave to proceed *in forma pauperis* ("IFP") [Dkt. No. 4] and her request that the Court order the United States Marshal ("USM") to serve her complaint under Federal Rule of Civil Procedure 4(c)(3) [Dkt. No. 10].

The IFP statute, 28 U.S.C. § 1915, "was designed to ensure that litigants would

not be deprived of meaningful access to the federal judicial system due to their financial circumstances." *Bucklew v. St. Clair*, No. 3:18-cv-2117-N-BH, 2019 WL 2250886, at *2 (N.D. Tex. May 15, 2019) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *rec. accepted*, 2019 WL 2249718 (N.D. Tex. May 24, 2019).

"[A] district court's determination of whether a party may proceed *in forma pauperis* must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024) (citing *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976); *Bell v. Children's Prot. Servs.*, 506 F. App'x 327, 327-28 (5th Cir. 2013) (per curiam)).

And, so, to gain access to federal court, "[a] litigant seeking IFP status must submit an affidavit identifying all assets he possesses, as well as a statement that he is unable to pay the necessary fees of bringing a federal civil action." *Smith-Garcia v. Harrison Cnty.*, 776 F. App'x 226, 227 (5th Cir. 2019) (per curiam) (citing 28 U.S.C. § 1915(a)(1)).

The Court must then examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "This entails a review of other demands on individual [applicants'] financial resources, including whether the expenses are discretionary or mandatory." *Id.* And, while "[t]he term 'undue financial hardship' is not defined and, therefore, is a flexible concept[,] ... a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'" *Walker v. Univ. of Tex. Med. Branch*, No. 1:08-CV-417, 2008 WL 4873733, at *1 (E.D.

Tex. Oct. 30, 2008) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Williams v. Louisiana*, Civ. A. No. 14-00154-BAJ-EWD, 2017 WL 3124332, at *1 (M.D. La. Apr. 14, 2017) (noting that the applicable standard "requires a showing of more than an inconvenience to the applicant" (citations omitted)).

"[W]hether the litigant is 'unable to pay' the costs [associated with initiating a lawsuit also] ... depend[s] in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978); *see Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (citations and internal quotation marks omitted)); *accord Pisano v. Astrue*, No. 11-30269-KPN, 2012 WL 79188, at *2 (D. Mass. Jan. 10, 2012) (collecting cases).

And a financial affidavit that is either "incomplete" or "internally inconsistent" is insufficient to show that a movant qualifies for leave to proceed IFP. *Muhammad v. La. Attorney Disciplinary Bd.*, Civ. A. No. 09-3431, 2009 WL 3150041, at *2 (E.D. La. Sept. 25, 2009) (citing *Watson*, 525 F.2d at 891 ("[W]here the in forma pauperis affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question ... of whether the asserted claim is frivolous or malicious."); collecting cases).

Considering the standards set out above, Carroll's IFP motion – through which

she provides no verified financial information but simply answers the questions "N/A" or "can't pay any at this time" – is incomplete.

Carroll's responses do not allow the Court to examine her financial condition to determine whether the payment of fees would "cause undue financial hardship." *Prows*, 842 F.2d at 140.

And, while "there is no requirement that an individual 'be absolutely destitute' or spend 'the last dollar they have' towards the payment of court costs to enjoy the benefit of in forma pauperis status," *Gibbs*, 92 F.4th at 569 (quoting *Adkins*, 335 U.S. at 339), the Court cannot reasonably infer from Carroll's filings in this case that she has absolutely no source of income or support or that she possesses no asserts at all, which is what the IFP motion reflects.

The pending IFP motion is therefore subject to denial.

Consequently, the Court has no basis to grant Carroll's motion to obtain the USM's assistance to serve the operative civil complaint because such assistance is generally limited to plaintiffs who have been granted leave to proceed IFP and then only after the Court determines that the complaint (or aspects of it) survive judicial screening under 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Castillo v. Blanco*, 330 F. App'x 463, 466 (5th Cir. 2009) (per curiam) ("Importantly, § 1915(e)(2) is phrased in mandatory rather than permissive terms."); *Aucoin v. Terrebonne Par. Sheriff's Office*, No. 21-30322, 2022 WL 16657429, at *2 (5th Cir. Nov. 3, 2022) (per curiam) ("[C]ontrary to Aucoin's arguments, the district court properly complied with the mandatory requirements of § 1915(e)(2) and § 1915A(b) by screening and dismissing the case

without holding a hearing or ruling on Aucoin's motions."); *cf. Vela v. Christian*, No. 3:20-cv-990-C-BH, 2021 WL 101538, at *1 (N.D. Tex. Jan. 12, 2021) (observing that, even where a plaintiff is not proceeding IFP, "a court 'may' order that service be made by the USM at the plaintiff's request" under Rule 4(c)(3), but "the plaintiff is expected first to seek service by private means whenever feasible rather than impose the burden on the USM, and courts should not order service by the USM unless really necessary," and, so, "a plaintiff [not proceeding IFP] must show that service was first attempted through the other means authorized by Rule 4 before seeking an order for service by the USM" (cleaned up; collecting cases)); *White v. Townsend*, No. 6:22cv426, 2023 WL 9229115 (E.D. Tex. Jan. 13, 2023) (same).

The Court therefore DENIES Carroll's motion for service assistance under Rule 4(c)(3) [Dkt. No. 10] and ORDERS Carroll to file an amended motion for leave to proceed *in forma pauperis* consistent with this order by **October 13, 2025**. If she does not, the undersigned will recommend that the Court deny the pending IFP motion and order Carroll to pay the filing fee or face dismissal of this lawsuit.

SO ORDERED.

DATED: September 12, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE